IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,072-01






EX PARTE DONNA RUTH MCBRIDE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W92-31395-Q IN THE 204
TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to sixteen years' imprisonment. She did not appeal her conviction. 

 On October 26, 2005, this Court remanded this cause to the trial court so that the trial court
could conduct a hearing and make findings regarding Applicant's claim of actual innocence. This
Court specifically ordered the trial court to make findings as to whether the complainant had recanted
his accusations against Applicant, and if so, whether the complainant's recantation was credible.

 The trial court conducted a habeas hearing, at which the complainant and other witnesses
testified. The transcript of the hearing is part of the habeas record. In addition, the trial court entered
supplemental findings of fact and conclusions of law, finding that Applicant has not stated sufficient
facts upon which relief could be granted. The trial court states in the supplemental findings that
those findings were reached after the court "thoroughly reviewed the testimony presented during the
application for writ of habeas corpus hearing and the affidavits of Tom McCorkle, Danny Edwards
and Meg Brooks." 

 The only affidavit included in the habeas record is the affidavit of Tom McCorkle,
Applicant's original trial counsel, which was submitted before the habeas hearing, in response to
Applicant's original writ. The record does not contain the affidavits of Danny Edwards and Meg
Brooks, and such affidavits cannot be located by the District Clerk. The trial court has not made any
specific findings regarding the testimony of the witnesses at the habeas hearing, especially regarding
the credibility of the complainant, as ordered by this Court.

 Because the trial court's supplemental findings, conclusions, and recommendation are not
entirely supported by the record, it is necessary to remand to that court for further supplementation
of the habeas record. The trial court shall make findings of fact specifically as to whether the
testimony of the complainant at the habeas hearing was credible in light of his original testimony and
other evidence presented at Applicant's trial. The court shall also make findings as to whether the
testimony of Jimmy Ray Brigham at the habeas hearing was credible in light of his testimony at
Applicant's trial. The trial court shall supplement the record with copies of the affidavits referred
to in the court's findings after the first remand. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 15, 2006

Do not publish